**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Nazomi Communications, Inc., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| Nokia Corporation, Nokia Inc., Microsoft Corporation, Amazon.com, Inc., Western Digital Corporation, Western Digital Technologies, Inc., Garmin Ltd., Garmin Corporation, Garmin International, Inc., Garmin USA, Inc., Sling Media, Inc., VIZIO, Inc., Iomega Corporation | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nazomi Communications, Inc. ("Nazomi"), by and through its undersigned counsel, complains as follows:

### THE PARTIES

1. Plaintiff Nazomi Communications, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3561 Homestead Road, Suite 571, Santa Clara, California 95051.

2. Upon information and belief, Defendant Nokia Corporation is incorporated under the laws of Finland and has its principal place of business at Keilalahdenti 4, Espoo, Finland.

3. Upon information and belief, Defendant Nokia Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 6000 Connection Drive, Irving, Texas 75039.

4. Upon information and belief, Defendant Microsoft is a corporation organized and existing under the laws of the State of Washington with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

5. Upon information and belief, Defendant Amazon.com, Inc. is a corporation

1.

1    organized and existing under the laws of the State of Delaware with its principal place of business
2    at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.
3       6.   Upon information and belief, Defendant Western Digital Corporation is a
4    corporation organized and existing under the laws of the State of Delaware with its principal
5    place of business at 20511 Lake Forest Drive, Lake Forest, CA 92630.
6       7.   Upon information and belief, Defendant Western Digital Technologies, Inc. is a
7    corporation organized and existing under the laws of the State of Delaware with its principal
8    place of business at 20511 Lake Forest Drive, Lake Forest, CA 92630.
9       8.   Upon information and belief, Defendant Garmin Ltd. is a corporation organized
10   and existing under the laws of the Cayman Islands with its principal place of business at Suite
11   3206B, 45 Market Street, Gardenia Court, Camana Bay, Cayman Islands.
12      9.   Upon information and belief, Defendant Garmin Corporation is a corporation
13   organized and existing under the laws of Taiwan with its principal place of business at No 68,
14   Jangshu 2nd Road, Sijhih, Taipei County, Taiwan.
15      10.  Upon information and belief, Defendant Garmin International, Inc. is a corporation
16   organized and existing under the laws of the State of Kansas with its principal place of business at
17   1200 East 151st Street, Olathe, Kansas 66062.
18      11.  Upon information and belief, Defendant Garmin USA, Inc. is a corporation
19   organized and existing under the laws of the State of Kansas with its principal place of business at
20   1200 East 151st Street, Olathe, Kansas 66062.
21      12.  Upon information and belief, Defendant Sling Media, Inc. is a corporation
22   organized and existing under the laws of the State of Delaware with its principal place of business
23   at 1051 E. Hillsdale Blvd, Suite 500, Foster City, CA 94404.  Sling Media, Inc. is a wholly
24   owned subsidiary of EchoStar Corporation.
25      13.  Upon information and belief, Defendant VIZIO, Inc. is a corporation organized
26   and existing under the laws of the State of California with its principal place of business at 39
27   Tesla, Irvine, CA 92618.
28      14.  Upon information and belief, Defendant Iomega Corporation is a corporation

organized and existing under the laws of the State of Delaware with its principal place of business at 3721 Valley Centre Drive, Suite 200, San Diego, CA 92130.

### JURISDICTION AND VENUE

15. This action arises under the patent laws of the United States, Title 35 of the United States Code, including but not limited to 35 U.S.C. § 271.

16. This Court has subject matter jurisdiction over patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

### BACKGROUND

18. Nazomi Communications, Inc. was founded in September 1998 by three Java technology and embedded systems veterans for the purpose of enhancing the performance of applications that run on the Java platform and other universal runtime platforms. Nazomi's pioneering technologies included the JSTAR Java Coprocessor technology and the JA108 Java and Multimedia Application Processor, which were targeted at wireless mobile devices, internet appliances, and embedded systems. Nazomi's technology and products were adopted by leading phone manufacturers and incorporated into millions of smart phones. In the years since Nazomi's introduction of the JSTAR and JA108 products, Java hardware acceleration has been widely adopted for wireless mobile and embedded systems applications. Java is now used as a platform on hundreds of millions of devices.

19. On July 18, 2006, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,080,362 entitled "Java virtual machine hardware for RISC and CISC processors" ("the '362 patent"). A true and correct copy of the '362 patent is attached as Exhibit 1.

20. On May 29, 2007, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,225,436 entitled "Java hardware accelerator using microcode engine" ("the '436 patent"). A true and correct copy of the '436 patent is attached as Exhibit 2.

21. Nazomi is the owner and possessor of all rights, title, and interest in the '362 and

3

'436 patents.

22. Each of the Defendants sell consumer electronics products containing processor cores capable of Java hardware acceleration.

23. Defendants Nokia Corporation and Nokia Inc. make, use, sell, and/or offer for sale within the United States and this judicial district the Nokia 770 internet tablet. Upon information and belief, the Nokia 770 internet tablet incorporates an ARM926TEJ processor core capable of Java hardware acceleration.

24. Defendant Microsoft Corporation makes, uses, sells, and/or offers for sale within the United States and this judicial district the Microsoft Zune personal music player. Upon information and belief, the Microsoft Zune personal music player incorporates an ARM1136JF-S processor core capable of Java hardware acceleration.

25. Defendant Amazon.com, Inc. makes, uses, sells, and/or offers for sale within the United States and this judicial district the Kindle 2 eReader. Upon information and belief, the Kindle 2 eReader incorporates an ARM1136JF-S processor core capable of Java hardware acceleration.

26. Defendants Western Digital Corporation and Western Digital Technologies, Inc. make, use, sell, and/or offer for sale within the United States and this judicial district the My Book World Edition network-attached storage device. Upon information and belief, the My Book World Edition network-attached storage device incorporates an ARM926EJ-S processor core capable of Java hardware acceleration.

27. Defendants Garmin Ltd., Garmin Corporation, Garmin International, Inc., and Garmin USA, Inc. make, use, sell, and/or offer for sale within the United States and this judicial district the Nuvi 205 personal navigation device. Upon information and belief, the Nuvi 205 incorporates an ARM926J processor core capable of Java hardware acceleration.

28. Defendant Sling Media, Inc. makes, uses, sells, and/or offers for sale within the United States and this judicial district the Slingbox Pro-HD remote personal video recorder. Upon information and belief, the Slingbox Pro-HD incorporates an ARM926EJ-S processor core capable of Java hardware acceleration.

29. Defendant VIZIO, Inc. makes, uses, sells, and/or offers for sale within the United States and this judicial district the VIZIO L37 and VL320M high definition televisions. Upon information and belief, the VIZIO L37 and VL320M high definition televisions incorporate an ARM926EJ processor core capable of Java hardware acceleration.

30. Defendant Iomega Corporation makes, uses, sells, and/or offers for sale within the United States and this judicial district the Home Media Network Hard Drive network-attached storage device. Upon information and belief, the Home Media Network Hard Drive incorporates an ARM926EJ-S processor core capable of Java hardware acceleration.

## COUNT I

### INFRINGEMENT OF THE '362 PATENT

31. Plaintiff incorporates each of the preceding paragraphs 1-30 as if fully set forth herein.

32. Defendants have been and are directly and indirectly infringing the '362 patent by making, using, selling, and/or offering for sale certain products within the United States and this judicial district including but not limited to the products identified in paragraphs 23-30.

33. Upon information and belief, Defendants have willfully engaged in their infringing conduct.

34. The infringement by Defendants of the '362 patent has injured Plaintiff and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '362 patent.

## COUNT II

### INFRINGEMENT OF THE '436 PATENT

35. Plaintiff incorporates each of the preceding paragraphs 1-34 as if fully set forth herein.

36. Defendants have been and are directly and indirectly infringing the '436 patent by making, using, selling, and/or offering for sale certain products within the United States and this judicial district including but not limited to the products identified in paragraphs 23-30.

37. Upon information and belief, Defendants have willfully engaged in their infringing

conduct.

38. The infringement by Defendants of the '436 patent has injured Plaintiff and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '436 patent.

### PRAYER FOR RELIEF

WHEREFORE, Nazomi prays for judgment against all Defendants as follows:

a) That the Court find that Defendants have each knowingly and willfully infringed and are each presently infringing, directly or indirectly, United States Patent Nos. 7,080,362 and 7,225,436;

b) That the Court find the '362 and '436 patents valid and enforceable;

c) That the Court award Nazomi damages or other monetary relief, including prejudgment interest, for Defendants' infringement;

d) That the Court treble the damages awarded to Nazomi as provided by 35 U.S.C. § 284;

e) That the Court find this to be an exceptional case entitling Nazomi to an award of attorney's fees, expenses, and costs pursuant to 35 U.S.C. § 285;

f) That the Court enjoin Defendants and their officers, directors, agents, and employees, from infringing, directly or indirectly, the '362 and '436 patents;

g) That the Court award Nazomi such other and further relief as the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a jury trial on all issues so triable.

| | | |
|---|---|---|
| 1 | Dated: December 7, 2009 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Trey Yarbrough |
| | | Trey Yarbrough |
| | | Texas Bar No. 22133500 |
| 4 | | YARBROUGH ♦ WILCOX, PLLC |
| | | 100 E. Ferguson, Suite 1015 |
| 5 | | Tyler, Texas 75702 |
| | | Telephone:    (903) 595-3111 |
| 6 | | Facsimile:    (903) 595-0191 |
| | | trey@yw-lawfirm.com |
| 7 | | |
| | | ATTORNEY FOR PLAINTIFF NAZOMI |
| 8 | | COMMUNICATIONS, INC. |

9

10   Of Counsel:

11   COOLEY GODWARD KRONISH LLP

12   Thomas J. Friel (CA 80065)
     Iain R. Cunningham (CA 232357)
13   Erica C. Tierney (CA 253557)
     Five Palo Alto Square
14   3000 El Camino Real
     Palo Alto, CA  94306-2155
15   Telephone:    (650) 843-5000
     Facsimile:    (650) 857-0663
16   tfriel@cooley.com
     icunningham@cooley.com
17   etierney@cooley.com

18   James P. Brogan (CO 32573)
     Wayne O. Stacy (CO 32716)
19   380 Interlocken Crescent, Suite 900
     Broomfield, CO 80021-8023
20   Telephone:    (720) 566-4000
     Facsimile:    (720) 566-4099
21   jbrogan@cooley.com
     wstacy@cooley.com
22
     Attorneys for Plaintiff
23   NAZOMI COMMUNICATIONS, INC.

24   804031 v4/PA

25

26

27

28